The terms expressed in the advertisement may certainly be varied by a special contract, and that contract may be made with the owner of the horse or his agent. But if made by the latter, his *Page 209 
character must be proved. This is not done by the evidence in (246) this case. There is no proof of an express agency to this purpose. Nor can an authority to make special bargains be inferred from the relation between the parties. A groom is the mere servant, menial as it were — not the general agent of the owner of the horse. And as to what the case calls "some proof of a custom," I must say that the understanding or misunderstanding of the law in a particular neighborhood, or by a portion of the people in the neighborhood, cannot enlarge the powers of a lackey into those of an agent capable of controlling the contracts of the master.
Customs are of two sorts — general and local. The former needs no proof, but are judicially known and form part of the law. The latter, if proved, cannot alter the law or form a ground of the construction of a contract, except in a very few cases, which are mostly of a mercantile character.
If indeed there had been proof that this groom had made other contracts on terms variant from those advertised, and the master recognized them, by receiving payment according to them, or otherwise treated them as valid, it would have been different. That would have been evidence; that in this particular case there was in fact an agency as understood by all the parties. But there was no evidence of that sort. And such an agency cannot be inferred from the circumstance that some other grooms have been, or have been understood to be, their master's agents. A groom is not known, as a trader's shopman or a merchant's clerk, and therefore there must be evidence of an actual authority in the former to make contracts different from those offered by the owner.
PER CURIAM. Judgment reversed.
(247)